# IN UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.

STEPHEN HUGHS,

    Plaintiff,

     v.

OXFORD LAW, LLC,

    Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

STEPHEN HUGHS ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against Oxford Law, LLC ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Colorado and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Thorton, Colorado 80233.

6. Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. § 1692k(a).

7. Defendant is a national debt collection company with its corporate headquarters located at 1100 Northbrook Drive, Trevose, Pennsylvania 19053.

8. Defendant is a "debt collector" as that term is defined by U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. At all pertinent times hereto, Defendant was hired to collect a consumer debt and attempted to collect that debt from Plaintiff.

11. Defendant collects, and attempts to collect, debts incurred, or alleged

to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone and/or internet.

12.    The alleged debt Defendant was seeking to collect, a 2006 Drive Financial automobile loan, arose out of transactions that were primarily for personal, family, or household purposes.

13.    At all relevant times, the debt Defendant sought to collect was time-barred under Colorado law.  See Colo. Rev. Stat. Ann. § 13-80-103.5(1)(a); see also, Hassler v. Account Brokers of Larimer Cnty., Inc., 274 P.3d 547, 552 ("By its terms, section 13–80–103.5(1)(a) states that the six-year statute of limitations for an action based upon the rights set forth in an instrument securing the repayment of a loan is triggered on the date that the cause of action accrues" ).

14.    Beginning in April 2014, Defendant repeatedly contacted Plaintiff on his home telephone seeking and demanding payment of the alleged debt.

15.    On more than one occasion, Plaintiff spoke with Defendant and demanded that it stop calling his home telephone and refused to tender any payment, as Defendant was seeking to collect a time-barred debt.

16.    In response, Defendant knowingly and deceptively tried to re-age the debt by offering Plaintiff settlement agreements, and stating that it could stop the calls if Plaintiff immediately paid $50.00 by the telephone.

17.    Further, Defendant continued to contact Plaintiff on his home

telephone, despite knowing Plaintiff would not make payment on a time-barred debt.

18. Defendant's continued attempts to call Plaintiff about the alleged debt were done for the sole purpose of annoying, abusing and harassing Plaintiff into making payment on the alleged debt.

19. Lastly, at no time prior to contacting him, during its first conversation with him, or within five (5) days of its initial communication with him, did Defendant inform Plaintiff that unless disputed within thirty (30) days the debt would be assumed to be valid; that if he notified the collector in writing within thirty (30) days that he disputed the debt, the collector would obtain verification of he debt or a copy of the judgment and mail a copy to him; or that if he notified the debt collector in writing within thirty (30) days, the debt collector would provide him with the name and address of the company to whom he originally owed the alleged debt.

## COUNT I

20. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692d.

   a. A debt collector violates § 1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

      b.    Here, Defendant violated § 1692d of the FDCPA by continuing to contact Plaintiff after being informed over the telephone that the debt was outside the statute of limitations.

## COUNT II

21.    Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692e and 1692e(2)(A) of the FDCPA.

      a.    A debt collector violates § 1692e of the FDCPA by using any false, deceptive or misleading representations or means in connection with the collection of any debt.

      b.    A debt collector violates § 1692e(2)(A) of the FDCPA by falsely representing the character, amount or legal status of any debt.

      c.    Here, Defendant violated §§ 1692e and 1692e(2)(A) of the FDCPA by falsely representing that Plaintiff owed a debt that was time-barred under Colorado law; and by attempting to mislead Plaintiff into re-aging the alleged debt.

## COUNT III

25.    Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692f.

      d.    A debt collector violates § 1692f of the FDCPA by using unfair

or unconscionable means to collect or attempt to collect any debt.

e. Here, Defendant violated § 1692f of the FDCPA by acting unfairly and unconsciously, in its attempts to collect an amount from Plaintiff that was not authorized by law.

## COUNT IV

26. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692g(a).

a. A debt collector violates § 1692g(a) of the FDCPA by failing, within five days after the initial communication with a consumer in connection with the collection of a debt, to send the consumer a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy

        of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

    b.    Here, Defendant violated § 1692g(a) of the FDCPA by failing to send Plaintiff written notification of his rights to dispute the debt, request verification of the debt and/or to request information about the creditor within five (5) days of its initial communication with him

WHEREFORE, Plaintiff, STEPHEN HUGHS, respectfully prays for judgment, as follows:

    a.    All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3); and

    d.    Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, STEPHEN HUGHS, demands a jury trial in this case.

                                      RESPECTFULLY SUBMITTED,

Date: March 20, 2015            By s/ Craig Thor Kimmel
                                         CRAIG THOR KIMMEL
                                         PA Attorney ID# 57100
                                         Kimmel & Silverman, P.C.
                                         30 E. Butler Pike
                                         Ambler, PA 19002
                                         Phone: (215) 540-8888 ext. 148
                                         Fax: (877) 788-2864
                                         Email: kimmel@creditlaw.com