IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00574-MEH

STEPHEN HUGHS,

    Plaintiff,

     v.

OXFORD LAW, LLC,

    Defendant

## MOTION FOR DEFAULT JUDGMENT

**I.    INTRODUCTION**

On March 20, 2015, Plaintiff filed a Complaint against Defendant violations of the Fair Debt Collection Practices Act ("FDCPA") and Colorado FDCPA. See Docket Entry No. 1. On May 28, 2015, Summons was returned Executed by Plaintiff. See Docket Entry No. 9. . Defendant failed to timely file its Answer or responsive pleading, and Plaintiff requested that the Clerk enter Defendant's default; which the Clerk did on June 10, 2015. See Docket Entry 12. Accordingly, Plaintiff now moves this Court to enter Judgment against Defendant.

Further, the statutory language of the FDCPA mandates an award of reasonable attorney fees and costs to a successful plaintiff. *Graziano v. Harrison*, 950 F.2d 107, 113 (3rd Cir. 1991); *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973 (9th Cir. 2008); *Tolentino v. Friedman*, 46 F.3d at 645, 651 (7th Cir. 1991). The same is true of the Colorado FDCPA. See Colo. Rev. Stat. §12-14-113(1)(c). In light of the "structure of the section, attorney's fees should not be construed as a special or discretionary remedy" but are in

addition to and separate from any damages otherwise awarded to the plaintiff. *Id*. The FDCPA mandate is "a means of fulfilling Congress' intent that the Act should be enforced by debtors acting as private attorney generals." *Graziano*, 950 F.2d at 113; *Camacho*, 523 F.3d at 978; *Tolentino,* 46 F.3d at 645, 651 (7th Cir. 1991).

## II.    LAW AND DISCUSSION

### A.    Plaintiff is entitled to a judgment against Defendant.

A party who fails to answer or otherwise respond to a complaint admits the allegations in the complaint. *Burlington Northern R.R. Co. v. Huddleston*, 94 F.3d 1413, 1415 (10th Cir. 1996). F.R.C.P. 55 requires a two step process: 1) the clerk must enter default under F.R.C.P. 55(a), and 2) the Plaintiff must then move the Court for judgment by default under F.R.C.P. 55(b). *See Williams v. Smithson*, 1995 WL 365988 (10th Cir. 1995); *State Resources Corp. v. Nature's Way Dairy LLC*, 2010 WL 4510902, at *1 (D. Colo. Nov. 2, 2010). The default here establishes Defendant's violation of both the FDCPA and Colorado FDCPA. Additionally, Defendant is not incompetent, a minor, or in the military service. For these reasons default judgment should be entered in favor of Plaintiff.

### B.    Damages Under the Fair Debt Collection Practices Act.

Under both the FDCPA and Colorado FDPCA, a successful plaintiff is entitled to recover statutory damages up to $1,000; actual damages sustained as a result of the defendant's conduct; and the costs of the action plus reasonable attorney's fees. *See* 15 U.S.C. § 1692k and Colo. Rev. Stat. §12-14-113. The FDCPA is a strict liability statute and a plaintiff does not need to show intent on the part of the Defendant to recover damages under the statute. *Reichert v. National Credit Systems, Inc.*, 531 F.3d 1002, 1004

(9th Cir. 2008) (*citing Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162 (9th Cir. 2006).

Relevant to the case at hand, the FDCPA prohibits Defendant from communicating with a third party about a debt alleged to be owed by Plaintiff without Plaintiff's prior consent, without good faith basis to do so, § 1692c(b); communicating with a consumer after it knows the consumer is represented by counsel, § 1692c(a)(2); communicating with a consumer after the consumer requests in writing that the debt collector cease communications, § 1692c(c); harassing Plaintiff in connection with the collection of an alleged debt, § 1692d; causing a telephone to ring repeatedly or continuously with the intent to harass, abuse or annoy the consumer, § 1692d(5); using false, deceptive, or misleading representations or means in connection with the collection of a debt, § 1692e; implying or misrepresenting that the debt collector is associated with the United States government, § 1692e(1); threatening to take legal action that it did not intend to take, § 1692e(5); misrepresenting the consumer committed a crime, § 1692e(7); using false representations or deceptive means to collect or attempt to collect a debt, § 1692e(10); using unfair and unconscionable means with Plaintiff to collect or attempt to collect a debt, § 1692f; collecting an amount not authorized by agreement or law, § 1692f(1).

Similarly, the Colorado FDCPA prohibits a consumer from communicating with a third party, Colo. Rev. Stat. §12-14-104(1)(a), (1)(b); engaging in conduct the natural consequence of which is to harass and abuse a consumer, Colo. Rev. Stat. §12-14-106; engaging a person in a conversation repeatedly or continuously with the intent to annoy, abuse or harass the consumer, Colo. Rev. Stat. §12-14-106(e); using false, deceptive or

misleading representations or means in connection with the collection of a debt, Colo. Rev. Stat. §12-14-10(1) and (1)(k); falsely representing or implying that the debt collector is affiliated with the United States government, Colo. Rev. Stat. §12-14-107(1)(a); falsely representing or implying the individual is an attorney, Colo. Rev. Stat. §12-14-107(1)(c); using unfair and/or unconscionable means to collect a debt, Colo. Rev. Stat. §12-14-108; and collecting a debt without a license, Colo. Rev. Stat. §12-14-115(a).

In the present matter, beginning in April 2014, Defendant placed repeated and continuous calls to Plaintiff's home telephone in order to collect the alleged debt. Defendant was attempting to collect on a debt that was time-barred, and attempted to re-age the debt by offering settlement agreements, and stating that it could stop the calls if Plaintiff immediately paid $50 by telephone.  Defendant continued to call Plaintiff's home telephone, knowing that Plaintiff would not make payment on a time-barred debt

Based on the foregoing, and pursuant to pursuant to 15 U.S.C. §1692k and Colo. Rev. Stat. §12-14-113, Plaintiff respectfully requests default judgment be awarded in his favor in the amount of $1,000.00 for the statutory violation of the FDCPA, $1,000.00 for the statutory violation of the Colorado FDCPA, plus his reasonable attorney's fees and costs, addressed below.

### C.     Plaintiff is Entitled to His Reasonable Attorney's Fees and Costs.

In any successful action to enforce the FDCPA and Colorado FDCPA, the prevailing plaintiff is entitled to "the costs of the action, together with a reasonable attorney's fee as determined by the court." *See* 15 U.S.C. §1692k(a)(3); Colo. Rev. Stat. §12-14-113(1)(c). The FDCPA makes the payment of attorney fees and costs to a successful plaintiff mandatory. *Graziano*, 950 F.2d at 113. A prevailing party is one who

is successful on any significant issue in litigation that achieves some of the benefit sought in the action. *Hensley v. Eckerhart*, 461 U.S. 424 (1983). In the case at hand, Plaintiff obtained a judgment that established Defendant's liability. *See* Docket Entry 24. Therefore, she is entitled to recover his reasonable attorneys' fees and costs incurred in bringing this action.

Plaintiff's reasonable attorneys' fees and costs are determined using the "lodestar" method, which is applicable in all situations where Congress authorized the award of attorney's fees to a prevailing party. *See Hensley*, 461 U.S. 424 (1983). In the case at hand, Plaintiff's attorneys and their staff expended 30.2 hours during the course of this action. This amount of time is reasonable. The reduced hourly rates that Plaintiff seeks to recover are reasonably comparable with those charged by lawyers of like skill, experience and/or reputation practicing in the District of Connecticut. *See e.g.*, *Babeon v. National Action Financial Services, Inc.*, 08-cv-00027-JLK-CBS (D. Colo. June 12, 2008) (awarding counsel with seven years experience hourly rate of $250.00 in FDCPA matter); *Skaer v. National Action Financial Services, Inc.*, 08-cv-00422-REV-MJW (D. Colo. Report and Recommendation of June 17, 2008, approved March 18, 2009) (same); *Ocker v. National Action Financial Services, Inc.*, 08-cv-00421-EWN-MJW (D. Colo. Nov. 18 2008) (same); *Shrader v. Beann*, 10-cv-01881-REB-MLW (D. Colo. Feb. 12, 2012) (finding rates of $425-445 reasonable for senior trial attorney in Denver area); *Broker's Choice of Am., Inc. v. NBC Universal, Inc.*, 2011 WL 3558165, *9 (D. Colo. Aug 15, 2011) (same); *Mrs. Condies v. Colorado Blue Ribbon Foods, LLC, et. al.*, 11-cv-02118-KLM (D. Colo. April 24, 2012) (finding rate of $325 reasonable for attorney with over 30 years experience, but whose primary area of practice was not litigation); *Rocky

*Mountain Chocolate Factory, Inc. v. SDMS, Inc., et. al.*, 06-01212-PAB-BNB (D. Colo. June 8, 2009) (approving 2009 discounted rates of $365 for attorney with 14 years experience, $255 for attorney with four years experience, $400 for partner, $210 per hour for attorney with 3 years experience, and rates of $180 to $185 for paralegals; and approving 2008 rates of $250 for attorney with six years experience); and *Peterson-Hooks v. First Integral Recovery, LLC,* 1:12-cv-01019-PAB-BNB (May 24, 2013) (J. Brimmer) (finding $250 appropriate for senior associate Ms. Bennecoff – now Ms. Bennecoff Ginsburg; $200 for a junior associate; $250 appropriate for partner Craig Thor Kimmel; and $110 for a paralegal). Thus, it is the correct hourly rate to be used in the lodestar calculation for this matter. *See e.g. Blum v. Stenson*, 465 U.S. 886, 895-96 (1984). Therefore, the lodestar calculation for the time spent by Plaintiff's attorneys and their staff is $2,055.00. *See* Exhibit "A"; *see also* Declarations of attorneys Amy L. Bennecoff Ginsburg, and Craig Thor Kimmel, offered in support of this Motion, attached hereto as Exhibits "B," and "C". Additionally, during the course of this action, Plaintiff incurred $452.00 in reasonable litigation costs and expenses, which are recoverable under the FDCPA, 15 U.S.C. §1692k(a)(3). *See* Exhibits "A" and "D"; see also Docket Entry 1. Accordingly, Plaintiff respectfully moves the Court for and award of $2,507.00 in reasonable attorneys' fees and costs.

Plaintiff's attorneys' fees and costs should not be adjusted based on Plaintiff's recovery; they must be awarded independently of any other damages awarded to a plaintiff. *Tolentino* at 651-52. The U.S. Supreme Court held that "[t]he statute and legislative history establish that `reasonable fees' under lodestar…are to be calculated according to the prevailing market rates in the relevant community, regardless of whether

plaintiff is represented by private or non-profit counsel." *Blum*, 465 U.S. at 895. "Paying counsel in FDCPA cases at rates lower than those they can obtain in the marketplace is inconsistent with the congressional desire to enforce the FDCPA through private actions, and therefore misapplies the law." *Graziano*, 950 F.2d at 113; *see also Tolentino*, 46 F.3d at 652-53. By ensuring that competitive rates are awarded under fee-shifting statutes "we assure that attorneys will take such cases, and hence increase the likelihood that the congressional policy of redressing public interest claims will be vindicated," and Congress' intent followed. *Student Public Interest Research Group v. AT&T Bell Laboratories*, 842 F.2d 1436, 1449 (3rd Cir. 1988). Accordingly, this Court should award Plaintiff the full amount of his reasonable attorneys' fees, per the lodestar calculation, without any reduction.

## III.  CONCLUSION

Plaintiff respectfully moves the Court to enter Default Judgment against Defendant in the above-captioned matter. Defendant violated the FDCPA and Colorado FDCPA, and therefore, Plaintiff is entitled to statutory damages and attorney's fees and costs under the FDCPA and the Colorado FDCPA. For the foregoing reasons, Plaintiff respectfully requests that this Court enter Judgment against Defendant for $2,000.00, plus attorney's fees and costs in the amount of $2,507.00.

Dated:  10/2/15                                            /s/ Amy L. Bennecoff Ginsburg
                                                                        Amy L. Bennecoff Ginsburg
                                                                        Kimmel & Silverman, P.C
                                                                         30 E. Butler Pike
                                                                         Ambler, PA 19335
                                                                         Phone: (215) 540-8888
                                                                         Facsimile: (877) 788-2864
                                                                         Email: aginsburg@creditlaw.com

## CERTIFICATION PURSUANT TO D.C. COLO. LCivR 7.1(A)

As no counsel for Defendant has entered an appearance, Plaintiff's counsel was unable to confer with Defendant pursuant to D.C. Colo. LCivR 7.1(A) regarding this Motion.

Dated: 10/02/15                                                         /s/ Amy L. Bennecoff Ginsburg
                           Amy L. Bennecoff Ginsburg

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served upon all persons listed below a true and correct copy of the within Plaintiff's Motion for Default Judgment on this 2nd day of October, 2015 via U.S. Mail:

Oxford Law, LLC
1100 Northbrook Drive
Suite 250
Trevose, PA 19053

Dated: October 2, 2015

/s/ Amy L. Bennecoff Ginsburg
Amy L. Bennecoff Ginsburg
Kimmel & Silverman, P.C
30 E. Butler Pike
Ambler, PA 19335
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com